(No. 5130-

RAY S. THOMPSON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1964.*

RAY S. THOMPSON, Claimant, pro se.

WILLIAM G. CLARK, Attorney General, for Respondent.

PEZMAN, J.

On November 21, 1963, Ray S. Thompson filed his complaint seeking an award in the sum of $315.82.

The complaint alleges that he is the duly appointed Official Court Reporter of the 17th Judicial Circuit of the State of Illinois with his place of residence in Rockford, Illinois, and principally performing his official duties in the City of Rockford, Illinois; that for the periods of

July 14, 1961 through June 22, 1962, and June 4, 1962 through June 28, 1963, he incurred expenses for travel, meals and lodging in the official performance of his duties; that the appropriation available during the 72nd biennium had lapsed, and payment has not been made.

On January 15, 1964, the Hon. Michael J. Howlett, Auditor of Public Accounts, filed his letter of report in the above cause, as a result of his investigation of claimant's allegations. In the letter, Auditor Howlett acknowledges that claimant was the duly appointed Official Court Reporter for the 17th Judicial Circuit, and that said claimant filed with the office of the Auditor of Public Accounts properly executed travel vouchers containing an itemized account of the travel expenses incurred for the periods of July 14, 1961 through December 7, 1961; January 1, 1962 through December 21, 1962; and January 23, 1963 to and including June 28, 1963, in the performance of his official duties, as certified by the appointing Judge, Albert S. O'Sullivan, and that the above cited vouchers complied with the provisions of the statutes in relation to expense accounts. Auditor Howlett further stated that the appropriation available during the 72nd biennium for travel lapsed on September 30, 1963.

As a result of the report by the Hon. Michael J. Howlett, Auditor of Public Accounts, a joint stipulation of facts was entered into by and between Ray S. Thompson, claimant in the case herein, and the State of Illinois, respondent, through its attorney, William G. Clark, Attorney General. The stipulation recites in substance that the complaint properly sets forth the essential facts, and that the amount requested is true and correct, and would have been paid in due course, if the appropriation had not lapsed.

This Court has held in previous decisions that, where the evidence shows that the only reason a claim was not paid was due to the fact that, prior to the time that a statement was presented, the appropriation had lapsed, an award will be made.

*Continental Oil Company, A Corporation,* vs. *State of Illinois,* 23 C.C.R. 70

*M. J. Holleran, Inc.,* vs. *State of Illinois,* 23 C.C.R. 17

An award is hereby made to Ray S. Thompson, claimant, in the amount of $315.82.